NATIONAL CONTRACTING CO. v. SEWERAGE & WATER BOARD OF NEW ORLEANS.

SEWERAGE & WATER BOARD OF NEW ORLEANS v. NATIONAL CONTRACTING CO.

(Circuit Court of Appeals, Fifth Circuit. March 22, 1910.)

No. 1,531.

ARBITRATION AND AWARD (§ 85*)—RIGHT OF ACTION TO ENFORCE AWARD—WAIVER.

An agreement between the parties to an arbitration, made after the award, that the award should be carried out as to certain items, and that as to other items the party in whose favor it was made should resort to the courts, was not a waiver or abandonment by such party of the right to sue to enforce the award.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 484; Dec. Dig. § 85.*]

In Error and Cross-Error to the Circuit Court of the United States for the Eastern District of Louisiana.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the National Contracting Company against the Sewerage & Water Board of New Orleans. Judgment for plaintiff, from which both parties bring error. Reversed in part, and affirmed in part.

Edgar H. Farrar, Ernest B. Kruttschnitt, and B. F. Jonas, for plaintiff in error and cross-defendant in error.

Omer Villere, for defendant in error and cross-plaintiff in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Plaintiff's demand is based upon an award of arbitrators in its behalf and also upon a quantum meruit.

The questions at issue are whether the award is binding, and whether the work sued for was covered by and included within the contract between the parties.

After consideration of the case and the evidence submitted, we conclude that the Sewerage & Water Board of New Orleans is bound by the award of the arbitrators made in the case, and that the subsequent agreement between the parties, to the effect that the undisputed items of the award should be carried out, and that the National Contracting Company should resort to the courts on the disputed items, was not a waiver or abandonment by the National Contracting Company of its right to sue to enforce the award. And we are better satisfied with this conclusion, because our investigation of the evidence brings us to the same result the arbitrators reached.

In the court below the respective parties requested the court to give the general charge, and thereupon the court directed a verdict in favor of the National Contracting Company for the filling item in the sum of $2,565.30, with interest from October 11, 1901, and against the National Contracting Company on the foundation claim, amounting to $13,926.83, with interest from August 26, 1901.

From our views of the case, the direction of the verdict in favor of the National Contracting Company for $2,565.30 was correct; but the direction to find against the contracting company on the foundation item was incorrect.

The National Contracting Company in the lower court entered a remittitur of 2½ per cent. on the judgment obtained in its favor and remits in this court 2½ per cent. upon the amount claimed for foundation, by reason of an outside contract between the parties.

For these reasons the judgment of the Circuit Court, in respect to the filling item in favor of the National Contracting Company for the net sum of $2,500.17, with legal interest from October 11, 1901, is affirmed; and the judgment of the court below in regard to the foundation item is reversed, and the cause is remanded to the Circuit Court, with instructions to award a new trial as to said foundation item, and on such trial to instruct the jury to find in favor of the National Contracting Company in the sum of $13,578.66, with legal interest from August 26, 1901.